UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN C. BRUNO,

        Petitioner,

  -vs-

                                     *3:* 05-CV-301

                                     3:00 CR 578 —

UNITED STATES OF AMERICA,

        Respondent.

---

Thomas J. McAvoy, U.S.D.J.

## DECISION & ORDER

## I. Introduction

Petitioner John C. Bruno filed a motion pursuant to 28 U.S.C. § 2255 seeking to have his sentence and conviction vacated. Petitioner alleges the ineffective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution. Specifically, he alleges the ineffective assistance of counsel because his attorneys: (1) failed to object to the jury instructions provided by the Court as erroneous; (2) failed to argue that his sentence was enhanced in violation of the rules set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000); (3) failed to discover that one of the government's witnesses committed perjury at trial; and (4) failed to argue that the United States Supreme

1

Court cases <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, --- U.S. ----, 125 S. Ct. 738 (2005) apply retroactively.

## II. Background

Petitioner was charged with crimes stemming from a robbery of computer parts on May 5, 1997.  Petitioner was charged with: 1) conspiring to commit a violation of 18 U.S.C. § 1951(a) (interference with commerce by threats and violence); 2) violating 18 U.S.C. § 1951(a); 3) conspiring to violate 18 U.S.C. §§ 371 and 2314 (interstate transportation of stolen property); and 4) violating 18 U.S.C. §§ 371 and 2314.  A jury convicted Petitioner on all counts.  On September 27, 2002, Petitioner was sentenced to concurrent sentences of 210 months imprisonment for counts one and two, sixty months imprisonment for count three, and 120 months imprisonment for count four.  Petitioner appealed his conviction, which was affirmed by the Second Circuit on December 8, 2003. Petitioner filed the instant motion, pursuant to 28 U.S.C. § 2255, on March 9, 2005.

## III. Discussion

### A. Section 2255 Standard

"Section 2255 allows a prisoner in federal custody to petition the sentencing court to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States."  <u>Garcia v. United</u>

States, 2002 WL 42888, *1 (S.D.N.Y. Jan. 11, 2002). A § 2255

motion must allege that: (1) the sentence was imposed in violation

of the Constitution or laws of the United States; (2) the

sentencing court was without jurisdiction to impose such sentence;

(3) the sentence was in excess of the maximum authorized by law; or

(4) the sentence is otherwise subject to collateral attack. 28

U.S.C. § 2255. "[A] collateral attack on a final judgment in a

federal criminal case is generally available under § 2255 only for

a constitutional error, a lack of jurisdiction in the sentencing

court, or an error of law or fact that constitutes a fundamental

defect which inherently results in a complete miscarriage of

justice." United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)

(internal quotation and citation omitted).

## B. Ineffective Assistance of Counsel

Petitioner contends that both his trial and appellate counsel

were ineffective so as to impair his rights under the Sixth

Amendment to the United States Constitution. Petitioner bases this

allegation on three grounds: (1) counsel should have contested the

jury instructions used by the Court; (2) counsel failed to

challenge the Court's authority to impose the sentence it handed

down; and (3) counsel failed to argue that Booker and Blakely apply

retroactively. To succeed on a claim of ineffective assistance of

counsel, Petitioner must show that: 1) counsel's representation

fell below an objective standard of reasonableness; and 2) there is

3

a reasonable probability that, but for counsel's errors, the result of the proceeding would have differed.  See generally Washington v. Strickland, 466 U.S. 668 (1984).

## 1. Jury Instructions

Petitioner first contends that the jury instructions provided by the Court for the conspiracy counts were erroneous because the Court did not require the jury to find that Petitioner committed an overt act in furtherance of the substantive crime.  Accordingly, Petitioner contends that in so doing, the Court has omitted an essential element in charging the jury.

The Second Circuit has held that a conspiracy charge under the Hobbs Act, which contains 18 U.S.C. § 1951, does not require proof of an overt act.  United States v. Clemente, 22 F.3d 477, 480 ("In order to establish a Hobbs Act conspiracy, the government does not have to prove any overt act.").  Thus, because the charge to the jury was correct, Petitioner's counsel was not ineffective in failing to object to this instruction.

Petitioner next contends that the instructions to the jury were impermissibly broadened from the charges in the indictment. Specifically, Petitioner claims that aiding and abetting were not stated in the indictment, but rather 18 U.S.C. § 2 was cited in its place.  Petitioner claims that the mere citation to the code is not enough and that specific reference needed to be made to aiding and abetting in the indictment.

4

"[A] trial judge may properly give an aiding and abetting instruction even if the indictment does not expressly charge a violation of 18 U.S.C. § 2." U.S. v. Mucciante, 21 F.3d 1228, 1234 (2d Cir. 1994). The Second Circuit has found that "inclusion of an aiding and abetting charge to the jury will rarely, if ever, constructively amend an indictment because an aiding and abetting charge is arguably implicit in every indictment." Id.; see also U.S. v. Eisner, 59 F. App'x 379 (2d Cir. 2004).

Here, Petitioner's indictment, like that of the petitioner in Mucciane, expressly cited 18 U.S.C. § 2. Mucciante, 21 F.3d at 1234. Citing the statute in the indictment provided Petitioner with "actual notice that he could be convicted of aiding and abetting. . . . He cannot seriously contend that his indictment was amended by the addition of an aiding and abetting instruction." Id.; see also United States v. Robinson, 956 F.2d 1388, 1394-95 (7th Cir.), cert. denied, 506 U.S. 1020 (1992) ("If 18 U.S.C. § 2 is charged in the indictment, the defendant is put on notice that he can be convicted as an aider and abettor. Because a violation of 18 U.S.C. § 2 was charged in the indictment, appellants can neither claim an amendment to the indictment nor unfair surprise."). Therefore, the charge to the jury did not broaden the indictment by amendment.

Similarly, Petitioner claims that the indictment was broadened by amendment when the Court instructed the jury as to subsection

(a), but not subsection (b) of 18 U.S.C. § 2.  Again, Petitioner claims that he was not on notice because the indictment did not specify which subsection of 18 U.S.C. § 2 was applicable.  The Second Circuit has held that, if a defendant is charged under 18 U.S.C. § 2, the Court may choose to charge the jury under subsection (a) or (b), but not both.  U.S. v. Cohen, 260 F.3d 68, 77 (2d Cir. 2001).

Finally, similar to the argument regarding 18 U.S.C. § 2, Petitioner argues that the Court impermissibly broadened the charge by amendment in merely citing Pinkerton in the indictment, rather than charging the actual Pinkerton elements.  However, the Court is permitted to provide a Pinkerton charge to the jury even though the indictment does not plead vicarious liability at all.  U.S. v. Sanchez, 917 F.2d 607 (1st Cir. 1990) (citing U.S. v. Carroll, 510 F.2d 507, 509 (2d Cir.1975)); U.S. v. Owen, 492 F.2d 1100 (5th Cir.1974); U.S. v. Thirion, 813 F.2d 146, 152 (8th Cir. 1987) ("the individual substantive counts need not make reference to co-conspirator liability in order for the jury to be so instructed").  Therefore, Petitioner would have been on notice even if Pinkerton was not mentioned in the indictment.  Accordingly, the fact that the Pinkerton elements were not stated in the indictment did not deprive Petitioner of his constitutional rights.

Consequently, because the charges to the jury were permissible, it cannot be said that counsel's failure to object was

6

objectively unreasonable or that the result of the proceeding would have been different.

## 2. Violation of Apprendi

Petitioner next claims that his sentence violated the principles set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000). Petitioner alleges that, because the jury did not find facts that supported this Court's determination of a sentence enhancement, his sentence is not constitutionally permissible.

In Apprendi, the United States Supreme Court held that any fact, other than that of a prior conviction, "that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 491 (emphasis added). However, there is nothing in Apprendi "that alters a sentencing judge's traditional authority to determine those facts relevant to selection of an appropriate sentence *within the statutory maximum.* . . ." U.S. v. Garcia, 240 F.3d 180, 183 (2d Cir. 2001)(emphasis added); see also U.S. v. Doumbia, 64 F. App'x 297, 299 (2d Cir. 2003).

Petitioner was convicted for violating two counts under section 1951(a), and for violating one count of both section 371 and section 2314, allowing the Court a maximum sentence of 240 months for counts one and two each, sixty months for count three, and 120 months for count four. The Court sentenced Petitioner for terms of 210 months for each of counts one and two, sixty months

7

for count three, and 120 months for count four.  Accordingly, since none of the penalties in Petitioner's sentence rise above the statutory maximum, Apprendi does not apply.

### 3. Booker & Blakely

Assuming Apprendi applies, Petitioner claims that the Supreme Court, in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, --- U.S. ----, 125 S. Ct. 738 (2005), held that the sentencing increases made by this Court were not proper because they were based on facts not admitted by Petitioner, not found by the jury, and not proved beyond a reasonable doubt.  However, because neither Booker nor Blakely apply retroactively to matters on collateral review, Guzman v. United States, 404 F.3d 139 (2d Cir. 2005) (Booker does not apply retroactively to cases on collateral review); Thomas v. U.S., 2005 WL 2104998 (S.D.N.Y. 2005), those cases are not controlling in this matter.  Accordingly, even assuming that Apprendi applies, the failure of Petitioner's counsel to raise objections under these subsequently-determined United States Supreme Court was reasonable.

Anticipating this problem Petitioner argues that this Court's judgment was void.  Petitioner argues that, because void judgments must be corrected, the retroactivity analysis should not apply to such judgments, thereby allowing Petitioner to attack this judgment using Booker and Blakely.  To show that the Court's judgment is void, Petitioner utilizes Booker and Blakely to argue that the

Court had overstepped its bounds in enhancing Petitioner's sentence.  Petitioner's reasoning is circular: <u>Booker</u> and <u>Blakely</u> apply retroactively here because the Court was wrong under <u>Booker</u> and <u>Blakely</u>.  However, as stated above, these cases have no retroactive application.  This fact is no different whether Petitioner is attempting to show that the sentence enhancement was impermissible or whether Petitioner is arguing that the entire judgment was void.  Either way, because these cases have no retroactive applicability to matters on collateral review, Petitioner's arguments must fail.

### C. Perjury Claims

In his supplemental petition, which the Court has considered, Petitioner claims that one of Respondent's witnesses perjured himself at trial causing substantial doubt to be cast on Petitioner's conviction.  Petitioner requests an evidentiary hearing based on this revelation.  Petitioner bases this claim on the testimony of Joseph DallVechia, one of the government's witnesses.  Petitioner has provided the Court with affidavits of several people, each providing support for the assertion that Petitioner and DallVechia knew each other prior to the commission of the crimes for which Petitioner was convicted.  These affidavits are to refute the assertion made by DallVechia at trial that DallVechia had never met Petitioner before the crimes were committed.  Petitioner claims that this shows that DallVechia

perjured himself and further shows that DallVechia is a "pathological liar."

Questions of fact, and the weight of a witness' testimony, are determinations for the jury and the jury alone. Woodman v. WWOR-TV, Inc., 411 F.3d 69, 87 (2d Cir. 2005)(citing 4 Weinstein's Federal Evidence § 702.06 ("The credibility of witnesses is normally an issue left exclusively to the finder of fact....")). In his pleadings, Petitioner attempts to show that DallVechia perjured himself by not being honest regarding prior dealings between DallVechia and Petitioner.  However, Petitioner also points to testimony of DallVechia that admits as much.  DallVechia stated that "he had met [Petitioner] twice prior to the alleged hijacking."  Pet.'s Supplemental Pet. at 3.  In addition, Petitioner cites other instances in his trial where DallVechia's alleged dishonesty surfaced.  Id.  Therefore, the jury had enough information to use its own determinations in giving weight to the entire testimony given by DallVechia, especially given the fact that the specific discrepancy alleged to be material by Petitioner was uncovered during DallVechia's testimony.  Accordingly, an evidentiary hearing is not necessary.

Furthermore, the effort of Petitioner's counsel was not objectively unreasonable, because counsel was able to uncover information for the jury that DallVechia may not be credible, specifically, the inconsistency Petitioner alleges here: that he

10

and DallVechia had met before the crime was committed.  In addition, assuming that his counsel did err, there is not a reasonable probability that the result would have differed, because, despite DellVechia's conflicting testimony, the jury nonetheless found Petitioner guilty.  Therefore, Petitioner's Sixth Amendment rights have not been violated.

## III. Conclusion

Petitioner's motion [Dkt. No. 9] to file a supplemental petition is **GRANTED**.  For the foregoing reasons, Petitioner's motion pursuant to 28 U.S.C. § 2255, as supplemented, is **DENIED**.


**IT IS SO ORDERED.**

DATED:October 17,2005


Thomas J. McAvoy
Senior, U.S. District Judge


11